## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **TIMOTHY BAKER, AS EXECUTOR AND ADMINISTRATOR OF THE ESTATE OF DAVID BAKER, DECEASED, AND ON BEHALF OF WRONGFUL DEATH BENEFICIARIES A.B. AND H.B., MINORS** §§§§§§§ | |
| **Plaintiffs,** § | **CIVIL ACTION NO.**_____ |
| §§ | |
| **v.** § | |
| §§ | |
| **BELL TEXTRON, INC. F/K/A BELL HELICOPTER TEXTRON, INC.; SAFRAN USA, INC.; AND SAFRAN HELICOPTER ENGINES USA, INC.,** §§§§§§ | |
| **Defendants.** § | |

### NOTICE OF REMOVAL

Defendant Bell Textron Inc. ("Bell") removes this action from Texas state court to the Northern District of Texas based on 28 USC § 1441 and § 1446.  In support of this removal, Bell would show the Court as follows:

### I.    BACKGROUND:

1.      Bell is a Defendant in a case filed in County Court at Law No. 2, Dallas County, State of Texas, cause number CC-20-00653-B entitled *Timothy Baker, et al v. Bell Textron, Inc. f/k/a Bell Helicopter Textron, Inc., et al.*[1]  Plaintiffs filed their suit on February 5, 2020.[2]

2.      This lawsuit arises from an aircraft accident that allegedly occurred on March 3, 2019 at Lake Turkana, Kenya.[3]  Plaintiffs allege that Timothy Baker sustained fatal injuries in the

---

[1] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial.
[2] *Id.*
[3] *Id.*

accident.[4]  In their state court civil cover sheet, Plaintiffs allege that they seek damages in excess of $1,000,000.00.[5]

3.      As will be identified below, this Court has original and removal jurisdiction over this matter pursuant to the Court's "diversity jurisdiction."  There is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00.  No Defendant has been served.  This notice of removal was filed less than 30 days after Bell became aware of the lawsuit.  Further, this action has been removed less than one year after commencement in state court.[6]

## II.      BASIS FOR REMOVAL:

4.      As a United States District Court, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441.

5.      All Plaintiffs are citizens of the State of California, and they are not citizens of Texas.  Plaintiff Timothy Baker, as Executor and Administrator of the Estate of David Baker, Deceased, and as Next Friend for A.B. and H.B., Minors, is a citizen of the State of California.[7] The Estate of Timothy Baker is a citizen of California.  Plaintiffs A.B. and H.B., Minors, are citizens of the State of California.[8]

6.      There is complete diversity in this lawsuit because none of the Defendants are citizens of California.

---

[4] *Id.*
[5]  Exhibit C.2, Civil Cover Sheet.
[6] 28 USC § 1446.
[7] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial.
[8] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial.

7.      Plaintiffs admit that Defendant Bell Textron Inc. is a Delaware corporation with a principal place of business in Tarrant County, Texas; thus, Bell Textron Inc. is a citizen of Delaware and Texas.[9]

8.      Plaintiffs admit that Defendant Safran Helicopter Engines USA, Inc. is a Delaware corporation authorized to do business in the State of Texas with a principal place of business in Dallas County, Texas; thus, Safran Helicopter Engines USA, Inc. is a citizen of Delaware and Texas.[10]

9.      Plaintiffs admit that Defendant Safran USA, Inc. is a Delaware corporation with a principal place of business in Dallas County, Texas; thus, Safran USA, Inc. is a citizen of Delaware and Texas.[11]

10.     There are no California citizens who are defendants; there are no Delaware, or Texas citizens who are plaintiffs.   The amount in controversy is in excess of $1,000,000.[12] Accordingly, there is complete diversity of citizenship, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This makes this case removable under 28 U.S.C. § 1441.

11.     Consent for this removal is not required because no Defendant has been properly joined and served.[13]

---

[9] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c) (1).
[10] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c) (1).
[11] Exhibit C.1, Plaintiffs' Orig. Pet., Req. for Disc., and Req. for Jury Trial; 28 USC § 1332 (c) (1).
[12] Exhibit C.2, Civil Cover Sheet.
[13] 28 U.S.C. § 1446(b)(2)(A) (defendants who have "been properly joined and served" must consent).

III.     **PROCEDURAL REQUIREMENTS:**

12. Pursuant to Local Rule 81.1 (a) (4), copy of each of the following is attached hereto:

   a.  Exhibit A:  Index of all documents filed in the State Court Case;

   b.  Exhibit B:  A copy of the Docket Sheet in the State Court Case;

   c.  Exhibit C:  Each document filed in the State Court Case, except discovery material;

   d.  Exhibit D:  A separately signed certificate of interested persons.

   e.  Exhibit E: Civil Cover Sheet; and

   f.  Exhibit F: Supplemental Civil Cover Sheet.

13.     Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332.  Pursuant to 28 U.S.C. § 1446 (d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.  Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice will be filed with the County Court at Law No. 2 of Dallas County, Texas promptly after the filing of this Notice.

14.     Removal of this action is proper under 28 U.S.C. § 1441 (b) (2) because no defendant who is a citizen of Texas has been properly joined and served.

IV.     **CONCLUSION:**

15.     Defendant Bell Textron Inc. timely removes this action for trial from the County Court at Law No. 2 Dallas County, Texas to this Court.

Respectfully submitted,


/s/ *Charles H. Smith*
Charles H. Smith (attorney in charge)
SBN: 18550500
chsmith@canteyhanger.com
J. Michael Colpoys
SBN: 04626550
mcolpoys@canteyhanger.com
David Denny
SBN: 00787354
ddenny@canteyhanger.com
Bryan S. David
SBN: 24031989
bdavid@canteyhanger.com

Cantey Hanger, LLP
1999 Bryan St., Suite 3300
Dallas, TX 75201
(214) 978-4100
(214) 978-4150 FAX

**ATTORNEYS FOR BELL
TEXTRON INC.**


## <u>CERTIFICATE OF SERVICE</u>

On February 5, 2020, I filed the forgoing Notice of Removal with the clerk of the court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b) (2).


/s/ *Bryan S. David*
Bryan S. David