IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY BAKER, AS EXECUTOR AND ADMINISTRATOR OF THE ESTATE OF DAVID BAKER, DECEASED, AND ON BEHALF OF WRONGFUL DEATH BENEFICIARIES A.B. AND H.B., MINORS<br><br>Plaintiffs,<br><br>v.<br><br>BELL TEXTRON, INC. F/K/A BELL HELICOPTER TEXTRON, INC.; SAFRAN USA, INC.; AND SAFRAN HELICOPTER ENGINES USA, INC.,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§ CIVIL ACTION NO. 3:20-CV-292<br><br><br><br>JURY DEMAND |

## DEFENDANT BELL'S ORIGINAL ANSWER, 12(B) DEFENSES, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Bell Textron Inc. ("Bell") by and through its undersigned counsel, files this Original Answer and Jury Demand and would show the Court as follows:

### I.
### Parties

1. With regard to the averments in paragraph 1 of Plaintiffs' Original Petition, Bell admits that the Plaintiffs are citizens of the state of California. Otherwise, Bell lacks information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

2. With regard to the averments in paragraph 2 of Plaintiffs' Original Petition, Bell admits the allegations.

3. With regard to the averments in paragraph 3 of Plaintiffs' Original Petition, Bell admits only that Safran Helicopter Engines USA, Inc. is a Texas and Delaware citizen. Otherwise,

Bell lacks information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

4. With regard to the averments in paragraph 4 of Plaintiffs' Original Petition, Bell admits only that Safran USA, Inc. is a Texas and Delaware citizen. Otherwise, Bell lacks information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

5. With regard to the averments in paragraph 5 of Plaintiffs' Original Petition, the allegations do not require a response and are, therefore, deemed denied.

## II.
## Discovery Plan

6. With regard to the averments in paragraph 6 of Plaintiffs' Original Petition, the allegations do not require a response and are, therefore, deemed denied.

## III.
## Venue and Jurisdiction

7. With regard to the averments in paragraph 7 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny and, therefore, it is deemed denied.

8. With regard to the averments in paragraph 8 of Plaintiffs' Original Petition, Bell admits that this Court has subject matter jurisdiction and that the amount in controversy exceeds the minimum jurisdictional amounts for this Court.

## IV.
## Factual Background

### A. Introduction

9. With regard to the averments in paragraph 9 of Plaintiffs' Original Petition, Bell denies the allegations.

10. With regard to the averments in paragraph 10 of Plaintiffs' Original Petition, Bell denies that allegations.

11. With regard to the averments in paragraph 11 of Plaintiffs' Original Petition, Bell admits only that the Bell 505 model helicopter is a Bell product. Otherwise, Bell lacks information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

12. With regard to the averments in paragraph 12 of Plaintiffs' Original Petition, Bell admits only the Bell 505 model helicopter has an Arrius 2R engine and a FADEC system. Otherwise, Bell lacks information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

**B.  The Crash**

13. With regard to the averments in paragraph 13 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

14. With regard to the averments in paragraph 14 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

15. With regard to the averments in paragraph 15 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

16. With regard to the averments in paragraph 16 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

17. With regard to the averments in paragraph 17 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

18. With regard to the averments in paragraph 18 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

19. With regard to the averments in paragraph 19 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

20. With regard to the averments in paragraph 20 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

**C.   The Wreckage**

21. With regard to the averments in paragraph 21 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

22. With regard to the averments in paragraph 22 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

23. With regard to the averments in paragraph 23 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

24. With regard to the averments in paragraph 24 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

25. With regard to the averments in paragraph 25 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

26. With regard to the averments in paragraph 26 of Plaintiffs' Original Petition, Bell admits only that the engine for the Bell 505 model helicopter is equipped with a FADEC, which is system that controls certain engine performance parameters. Otherwise, Bell denies the allegations.

27. With regard to the averments in paragraph 27 of Plaintiffs' Original Petition, Bell denies the allegations.

28. With regard to the averments in paragraph 28 of Plaintiffs' Original Petition, Bell denies the allegations.

29. With regard to the averments in paragraph 29 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

30. With regard to the averments in paragraph 30 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

31. With regard to the averments in paragraph 31 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

## V.
## Causes of Action and Claims for Relief

**A.     Count One:  Strict Liability Against Bell Textron**

32. With regard to the averments in paragraph 32 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

33. With regard to the averments in paragraph 33 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

34. With regard to the averments in paragraph 34 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

35. With regard to the averments in paragraph 35 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

36. With regard to the averments in paragraph 36 of Plaintiffs' Original Petition, Bell denies the allegations.

37. With regard to the averments in paragraph 37 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

38. With regard to the averments in paragraph 38 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

39. With regard to the averments in paragraph 39 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

40. With regard to the averments in paragraph 40 of Plaintiffs' Original Petition, Bell denies the allegations.

41. With regard to the averments in paragraph 41 of Plaintiffs' Original Petition, Bell denies the allegations.

42. With regard to the averments in paragraph 42 of Plaintiffs' Original Petition, Bell admits only that the Bell 505 model helicopter is equipped with a Arrius 2R engine. Otherwise, Bell denies the remainder of the allegations.

43. With regard to the averments in paragraph 43 of Plaintiffs' Original Petition, Bell denies the allegations.

44. With regard to the averments in paragraph 44 of Plaintiffs' Original Petition, Bell denies the allegations.

45. With regard to the averments in paragraph 45 of Plaintiffs' Original Petition, Bell denies the allegations.

46. With regard to the averments in paragraph 46 (including subparts) of Plaintiffs' Original Petition, Bell denies the allegations.

47. With regard to the averments in paragraph 47 of Plaintiffs' Original Petition, Bell denies the allegations.

48. With regard to the averments in paragraph 48 of Plaintiffs' Original Petition, Bell denies the allegations.

49. With regard to the averments in paragraph 49 of Plaintiffs' Original Petition, Bell denies the allegations.

50. With regard to the averments in paragraph 50 of Plaintiffs' Original Petition, Bell denies the allegations.

**B.    Count Two:  Negligence Claims Against Bell Textron**

51. With regard to the averments in paragraph 51 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, are deemed denied.

52. With regard to the averments in paragraph 52 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore are deemed denied.

53. With regard to the averments in paragraph 53 of Plaintiffs' Original Petition, Bell denies the allegations.

54. With regard to the averments in paragraph 54 of Plaintiffs' Original Petition, the allegations do require a response and, therefore, are deemed denied.

55. With regard to the averments in paragraph 55 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, are deemed denied.

56. With regard to the averments in paragraph 56 of Plaintiffs' Original Petition, Bell denies the allegations.

57. With regard to the averments in paragraph 57 of Plaintiffs' Original Petition, Bell denies the allegations

58. With regard to the averments in paragraph 58 of Plaintiffs' Original Petition, Bell denies the allegations.

59. With regard to the averments in paragraph 59 of Plaintiffs' Original Petition, Bell denies the allegations.

60. With regard to the averments in paragraph 60 of Plaintiffs' Original Petition, Bell denies the allegations.

61. With regard to the averments in paragraph 61 of Plaintiffs' Original Petition, Bell denies the allegations.

62. With regard to the averments in paragraph 62 (including subparts) of Plaintiffs' Original Petition, Bell denies the allegations.

63. With regard to the averments in paragraph 63 of Plaintiffs' Original Petition, Bell denies the allegations.

64. With regard to the averments in paragraph 64 of Plaintiffs' Original Petition, Bell denies the allegations.

65. With regard to the averments in paragraph 65 of Plaintiffs' Original Petition, Bell denies the allegations.

**C. Count Three: Strict Liability for Defective Design Against the Safran Defendants**

66. With regard to the averments in paragraph 66 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, are denied.

67. With regard to the averments in paragraph 67 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

68. With regard to the averments in paragraph 68 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

69. With regard to the averments in paragraph 69 of Plaintiffs' Original Petition, Bell is without information sufficient to admit or deny the allegations and, therefore, they are deemed denied.

70. With regard to the averments in paragraph 70 of Plaintiffs' Original Petition, Bell denies the allegations.

71. With regard to the averments in paragraph 71 of Plaintiffs' Original Petition, Bell denies the allegations.

72. With regard to the averments in paragraph 72 of Plaintiffs' Original Petition, Bell denies the allegations.

73. With regard to the averments in paragraph 73 of Plaintiffs' Original Petition, Bell denies the allegations.

74. With regard to the averments in paragraph 74 of Plaintiffs' Original Petition, Bell denies the allegations.

75. With regard to the averments in paragraph 75 (including subparts) of Plaintiffs' Original Petition, Bell denies the allegations.

76. With regard to the averments in paragraph 76 of Plaintiffs' Original Petition, Bell denies the allegations.

77. With regard to the averments in paragraph 77 of Plaintiffs' Original Petition, Bell denies the allegations.

78. With regard to the averments in paragraph 78 of Plaintiffs' Original Petition, Bell denies the allegations.

79. With regard to the averments in paragraph 79 of Plaintiffs' Original Petition, Bell denies the allegations.

**D.     Count Four:  Negligence Claims Against the Safran Defendants**

80. With regard to the averments in paragraph 80 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

81. With regard to the averments in paragraph 81 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

82. With regard to the averments in paragraph 82 of Plaintiffs' Original Petition, Bell denies the allegations.

83. With regard to the averments in paragraph 83 of Plaintiffs' Original Petition, Bell denies the allegations.

84. With regard to the averments in paragraph 84 of Plaintiffs' Original Petition, Bell denies the allegations.

85. With regard to the averments in paragraph 85 of Plaintiffs' Original Petition, Bell denies the allegations.

86. With regard to the averments in paragraph 86 of Plaintiffs' Original Petition, Bell denies the allegations.

87. With regard to the averments in paragraph 87 of Plaintiffs' Original Petition, Bell denies the allegations.

88. With regard to the averments in paragraph 88 of Plaintiffs' Original Petition, Bell denies the allegations.

89. With regard to the averments in paragraph 89 of Plaintiffs' Original Petition, Bell denies the allegations.

90. With regard to the averments in paragraph 90 of Plaintiffs' Original Petition, Bell denies the allegations.

## VI.

## Vicarious Liability

91. With regard to the averments in paragraph 91 of Plaintiffs' Original Petition, Bell lacks the knowledge sufficient to form a belief about the truth of the allegations and, therefore, they are deemed denied.

92. With regard to the averments in paragraph 92 of Plaintiffs' Original Petition, Bell lacks the knowledge sufficient to form a belief about the truth of the allegations and, therefore, they are deemed denied.

93. With regard to the averments in paragraph 93 of Plaintiffs' Original Petition, Bell lacks the knowledge sufficient to form a belief about the truth of the allegations and, therefore, they are deemed denied.

94. With regard to the averments in paragraph 94 of Plaintiffs' Original Petition, Bell lacks the knowledge sufficient to form a belief about the truth of the allegations and, therefore, they are deemed denied.

**A. Estate of David Baker**

95. With regard to the averments in paragraph 95 (including subparts) of Plaintiffs' Original Petition, Bell denies the allegations.

96. With regard to the averments in paragraph 96 of Plaintiffs' Original Petition, Bell denies the allegations.

97. With regard to the averments in paragraph 97 (including subparts) of Plaintiffs' Original Petition, Bell denies the allegations.

98. With regard to the averments in paragraph 98 of Plaintiffs' Original Petition, Bell denies the allegations.

## VIII.

### Pre-Judgment and Post Judgment Interest

99. With regard to the averments in paragraph 99 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

## IX.

### Request for a Jury Trial

100. With regard to the averments in paragraph 100 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

## X.

### Request for Disclosure

101. With regard to the averments in paragraph 101 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

## XI.

### Notice of Preservation of Evidence

102. With regard to the averments in paragraph 102 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

## XII.

### Prayer

103. With regard to the averments in paragraph 103 of Plaintiffs' Original Petition, the allegations do not require a response and, therefore, they are deemed denied.

## **DEFENSES**

104. Plaintiffs have failed to state a claim upon which relief can be granted.

105. Bell asserts that the laws of a foreign jurisdiction may apply to some or all of the issues in this case, including without limitation the laws of the Republic of Kenya.

106. Bell asserts that this case should be dismissed under the doctrine of *forum non conveniens* because, among other reasons, the wreckage, physical evidence, documents, and witnesses related to this accident are in another forum.

107. To the extent that Texas law applies, Bell invokes all rights, remedies and elections afforded pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

108. To the extent United States law or the law of any State within the United States applies, Bell asserts that in the unlikely event that liability be found on its part, that such liability is barred, or alternatively reduced, by the percentage of causation found to have resulted from the negligent acts or omissions of other parties or other, responsible third parties over whom Bell had no control or right of control.

109. To the extent United States law or the law of any State within the United States applies, Bell asserts that, alternatively, the alleged incident complained of by the Plaintiffs were a result of a new and independent cause. The alleged incident was the result of an act or omission of a separate and independent agency which destroyed the causal connection, if any, between Bell's alleged acts or omissions and the alleged incident and the damages for which recovery is sought. Such acts or omissions of a separate and independent agency intervened and became the immediate cause of the incident and Plaintiffs' alleged damages.

110. To the extent United States law or the law of any State within the United States applies, Bell asserts that Plaintiffs' claims are preempted in whole or in part by the comprehensive statutory scheme enacted by Congress, including without limitation, the Federal Aviation Act, and the comprehensive regulatory scheme enacted by the Federal Aviation Administration ("FAA") in the Federal Aviation Regulations and various FAA publications.

111. To the extent United States law or the law of any State within the United States applies, Bell asserts that, on information and belief, any parts furnished by Bell conformed to applicable specifications and were free from defects in material and workmanship.

112. To the extent United States law or the law of any State within the United States applies, Bell asserts that any engine or component allegedly supplied by Bell complied with mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable at the time of manufacture and that governed the risk that allegedly caused the harm.  Bell is entitled to a rebuttable presumption that the aircraft and its components are not defective pursuant to TEX. CIV. PRAC. & REM. CODE §82.008.

113. To the extent United States law or the law of any State within the United States applies, Bell asserts that any components allegedly at issue were subject to pre-market licensing or approval by the federal government, or an agency of the federal government, and that Bell complied with all of the government's or agency's procedures and requirements with respect to pre-market licensing or approval, and that after full consideration of the risks and benefits, the engine and its components were approved by the government or agency and, therefore, Bell is entitled to a rebuttable presumption that Bell is not liable for any injury to the Plaintiffs in this case.

### BELL'S JURY DEMAND

114. Bell requests a jury of twelve persons to hear this matter.

## BELL'S PRAYER

115.　Bell prays that Plaintiffs take nothing by this suit, that Bell recover costs of suit, and for such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ *Charles H. Smith*
Charles H. Smith (attorney in charge)
SBN: 18550500
chsmith@canteyhanger.com
J. Michael Colpoys
SBN: 04626550
mcolpoys@canteyhanger.com
David Denny
SBN: 00787354
ddenny@canteyhanger.com
Bryan S. David
SBN: 24031989
bdavid@canteyhanger.com

Cantey Hanger, LLP
1999 Bryan St., Suite 3300
Dallas, TX 75201
(214) 978-4100
(214) 978-4150 FAX

**ATTORNEYS FOR BELL TEXTRON INC.**

## CERTIFICATE OF SERVICE

On February 6, 2020, I filed the forgoing Notice of Removal with the clerk of the court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b) (2).

/s/ *Bryan S. David*
Bryan S. David