UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BAKER as executor and administrator of the estate of DAVID BAKER, DECEASED, and on behalf of wrongful death beneficiaries A.B. and H.B., MINORS,<br><br>*Plaintiff*,<br><br>v.<br><br>BELL TEXTRON, INC. f/k/a BELL HELICOPTER TEXTRON, INC., SAFRAN USA, INC., and SAFRAN HELICOPTER ENGINES USA, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:20-CV-292-X |

## MEMORANDUM OPINION AND ORDER

Timothy Baker filed a state-court petition against Bell Textron, Inc., Safran USA, Inc., and Safran Helicopter Engines USA, Inc. in Dallas County.  This case arises from a March 2019 helicopter crash in Kenya involving a Bell 505X helicopter and its engine.  Five people died.  As executor and administrator of David Baker's estate, Timothy Baker represents three of them—David Baker and his minor sons— who are also plaintiffs (collectively, "the Bakers").  The Bakers are citizens of California, and the defendants are citizens of Texas.  Before any of the defendants were served, Bell removed the case to this Court—a litigation tactic commonly referred to as "snap removal"—based on this Court's subject-matter jurisdiction.

The Bakers moved to remand.  There is no question this Court has

jurisdiction—the parties' citizenships are diverse, and the amount-in-controversy is greater than $75,000. But the Bakers do not raise a jurisdictional argument—they raise a procedural one. They question whether Bell's removal is proper because none of the defendants were served prior to removal. They also question whether Bell's snap removal is proper because all the defendants are forum defendants.

Because the Court finds that Bell's removal is proper under the removal statute's plain text, the Court **DENIES** the Bakers' motion to remand [Doc. No. 5].

## I.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[1] The relevant federal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2] Because depriving a state court of an action properly before it raises significant federalism concerns, the removal statute should "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."[3]

In cases removed under diversity jurisdiction, there is an additional statutory limitation on removal—the forum-defendant rule. The forum-defendant rule

---

[1] *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[2] 28 U.S.C. § 1441(a).

[3] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). *But see Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("It is true, as Texas Brine points out, that we strictly construe the removal statute and favor remand. Here, though, we do not have any doubt about the propriety of removal because, as discussed, the text is unambiguous. So the rule in *Gasch* does not apply." (citations and quotation marks omitted)).

provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4]

As is the case with most rules, the forum-defendant rule has an exception—snap removal. Snap removal is a litigation tactic that owes its existence to automated docket-monitoring services (or, sometimes, litigants that serve press releases before process). It allows a state-court defendant to circumvent the forum-defendant rule by removing a case to federal court on diversity grounds almost immediately after a plaintiff files in state court but before the plaintiff formally serves the defendant. Because snap removal is relatively novel, it has received little treatment in this Court and no attention from the United States Court of Appeals for the Fifth Circuit until this year.[5]

After the Bakers moved to remand, the Fifth Circuit considered snap removal for the first time in *Texas Brine Company, LLC v. American Arbitration Association, Inc.*[6] In *Texas Brine*, the Fifth Circuit's analysis of the removal statute begins with

---

[4] 28 U.S.C. § 1441(b)(2).

[5] *See, e.g.*, *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *2–3 (N.D. Tex. Oct. 20, 2015) (Boyle, J.) (finding a non-forum defendant's snap removal to be proper because "[i]n the absence of additional congressional guidance or an absurd result, courts must apply the statute's plain language"); *Carrs v. AVO Corp.*, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012) (Lindsay, J.) (finding a non-forum defendant's snap removal to be proper because the "court has no business substituting its judgment for that of Congress when the plain language of the statute compels only one conclusion, namely, that reached herein by the court").

[6] 955 F.3d 482 (5th Cir. 2020). The *Texas Brine* court mentions that "we have not yet had opportunity to address the 'snap removal' issue[.]" *Id.* at 485.

In *Texas Brine*, the question before the Fifth Circuit was "whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state." *Id.* The Fifth Circuit held that it does not. *Id.* at 487 ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be properly joined

the ordinary meaning of the statute's text, accounting for any absurdity in application.[7]  First, the Fifth Circuit held that the statute's plain language unambiguously allows for snap removal.[8]  Second, it held that the result of following the statute's plain language—allowing snap removal—is not absurd.[9]

As the Bakers note, *Texas Brine* involved a non-forum defendant (alongside unserved forum defendants) engaging in snap removal while this case involves a forum defendant (alongside unserved forum defendants) engaging in snap removal. But that is a distinction without a difference.  Not long after the Fifth Circuit decided *Texas Brine*, a judge in the Southern District of Texas considered whether the removal statute allows a forum defendant to snap remove when it is the sole defendant.  In *Latex Construction Company v. Nexus Gas Transmission, LLC*,[10] our

---

and served is a citizen of the forum state." (quotation marks omitted)).  Now, this is not the specific issue before the Court in this case.  But the Fifth Circuit's fresh analysis of the removal statute and the practice of snap removal is instructive for this Court's determination that the forum-defendant rule does not preclude a forum defendant from snap removing when there are multiple defendants and they are all forum defendants.  The Fifth Circuit's holding is important for this Court in this case because the Fifth Circuit notes its agreement with a comment from the United States Court of Appeals for the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."  *Id.* at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)).  "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law"—this is the precisely what this Court concludes here.  *Id.*

[7] *See id.* at 486 ("[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language.  We look for both plain meaning and absurdity." (quotation marks and citation omitted)).

[8] *See id.* at 487 ("Here, though, we do not have any doubt about the propriety of removal because, as discussed, the text is unambiguous." (quotation marks and citation omitted)).

[9] *Id.* at 486 ("In our view of reasonableness, snap removal is at least rational.  Even if we believed that there was a 'drafter's failure to appreciate the effect of certain provisions,' such a flaw by itself does not constitute an absurdity." (citing ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 238 (2012)).

[10] 2020 WL 3962247 (S.D. Tex. July 13, 2020).

4

sister court to the south denied the motion to remand and held:

> The plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant have been served before effecting removal of a case from state court. Construing § 1441(b)(2) to permit a resident of the forum state to snap remove a case before that defendant has been served with process, where that defendant it [sic] is the only named defendant, is not an absurd result.[11]

Obviously, *Latex Construction*'s holding does not bind this Court. The Court, however, finds it correct and persuasive. And so the Court applied its reasoning and holding, along with *Texas Brine*, in a recent memorandum opinion and order denying a motion to remand in *Serafini v. Southwest Airlines Company*.[12]

In *Serafini*, this Court applied *Texas Brine*'s reasoning and adopted *Latex Construction*'s holding in a case in which the sole defendant—a forum defendant—engaged in snap removal. The Court concluded that under 28 U.S.C. § 1441(b)(2)'s "plain text, a forum defendant may engage in snap removal when it is the sole defendant."[13] The Court also held, in accordance with Fifth Circuit precedent, that 28 U.S.C. § 1446(b) does not require a defendant to be served or to make an appearance in state court before removing a case to federal court.[14]

The Court finds that the holdings of *Texas Brine*, *Latex Construction*, and *Serafini* are, respectively, also instructive, persuasive, and controlling here. Although *Latex Construction* and *Serafini* both featured a sole defendant that was a

---

[11] *Id.* at *6.

[12] 2020 WL 5370472 (N.D. Tex. Sept. 8, 2020) (Starr, J.).

[13] *Id.* at *5.

[14] *See id.* at *4–5.

5

forum defendant, the Court concludes that for the purposes of snap removal the number of defendants is irrelevant. What does matter—and the key similarity between this case and those—is that all the defendants (whether one or several) are forum defendants, and that one removed before it was (or before the remaining defendants, if any, were) properly joined and served. And so the Court extends *Serafini*'s reasoning and holding here.

## II.

The question is whether the removal statute allows a forum defendant to snap remove when it is one of multiple defendants and all the defendants are forum defendants. The Bakers maintain that it does not, and they essentially offer three arguments in support of their position: (1) "[t]he plain language of section 1441(b) requires at least one defendant to have been served before removal is appropriate,"[15] yet none of the defendants were served or filed responsive pleadings in state court to constitute service; (2) federal district courts in the Fifth Circuit reject snap removals of forum defendants, especially when all the defendants (whether one or many) are forum defendants; and (3) allowing forum defendants to snap remove is an absurd result that frustrates the legislative purpose of the removal statute. Bell responds that the Fifth Circuit and this Court do not require at least one defendant to be served (or to appear in state court) prior to removal, and that the relevant removal statute expressly allows snap removal and binding court decisions do not foreclose it. Citing *Texas Brine* in its sur-reply, Bell also infers that forum defendants engaging in snap

---

[15] Plaintiffs' Motion to Remand and Brief in Support, at 6 [Doc. No. 5].

removal is not an absurd result that frustrates the removal statute's legislative purpose.

As the Fifth Circuit did in *Texas Brine,* the Southern District of Texas did in *Latex Construction*, and this Court did in *Serafini*, the Court begins again with the ordinary meaning of the controlling statute's plain text.  If the text is unambiguous, the Court's inquiry ends.  If the text's meaning is ambiguous, the Court may consider the text's context.  And if the context provides no clarity, the Court may use appropriate canons of interpretation.[16]  Congress's legislative purpose is assumed to be accurately expressed by the statutory language's ordinary meaning.[17]

The Court begins with the statute's text.  Title 28, Section 1441(b)(2) of the United States Code says that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[18]  This statutory language comprising the forum-defendant rule is unambiguous: "it plainly provides that an action may not be removed to federal court

---

[16] *See* Brett M. Kavanaugh, *Fixing Statutory Interpretation*, 129 Harv. L. Rev. 2118, 2144 (2016) (suggesting that "statutory interpretation could proceed in a two-step process.  First, courts could determine the best reading of the text of the statute by interpreting the words of the statute, taking account of the context of the whole statute, and applying any other appropriate semantic canons of construction.  Second, once judges have arrived at the best reading of the text, they can apply—openly and honestly—any substantive canons (such as plain statement rules or the absurdity doctrine) that may justify departure from the text").

[17] *See Collins v. Mnuchin*, 938 F.3d 553, 569 (5th Cir. 2019) (en banc) ("The Supreme Court instructs that plain meaning comes first: 'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.'" (quoting *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004)).

[18] 28 U.S.C. § 1441(b)(2).

on the basis of diversity of citizenship once a home-state defendant has been '*properly* joined and *served.*'"[19]   Under the statute's plain language, neither Bell nor its co-defendants could have removed the case had any of them been properly joined and served at the time of removal.

It is undisputed that at the time of removal none of the defendants had been served.  The question, then, is whether the removal statute requires at least one defendant to be served or to make an appearance in state court before removing a case to federal court.  The Court holds that it does not.

First, Section 1446(b) does not expressly require a defendant to be served or to make an appearance in state court prior to removal.  It says:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[20]

The statute does not require a defendant to be served or to appear before it removes. The Court will not add requirements to the law that Congress could have included but did not.

Second, in accordance with the statute's plain text, the Fifth Circuit also does not require service before removal.  Specifically, the "Fifth Circuit's holding in *Delgado v. Shell Oil Company* makes clear that service of process is not an absolute

---

[19] *Gibbons*, 919 F.3d at 705 (emphasis original) (quoting 28 U.S.C. § 1441(b)(2)).

[20] 28 U.S.C. § 1446(b) (emphasis added).

prerequisite to removal."[21]   The *Delgado* court said, "[w]e read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served."[22]   As the *Latex Construction* court succinctly summed up, "[s]ervice accordingly is not a condition precedent to removal and Plaintiff's argument to the contrary is rejected."[23]

The Bakers also argue that the Fifth Circuit has not approved, and that our sister federal district courts have rejected, snap removals by forum defendants.   The Bakers are technically correct about the Fifth Circuit, but to no avail.   Although *Texas Brine* didn't specifically consider this issue, it did speak approvingly of it and its logic reasonably extends to it.[24]   And the Southern District of Texas's *Latex Construction*

---

[21] *Latex Constr. Co.*, 2020 WL 3962247, at *4 (quotation marks and citation omitted).

[22] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (quoting 28 U.S.C. § 1446(b)). "Under Texas law, an action has commenced when a petition is filed."   *Latex Constr. Co.*, 2020 WL 3962247, at *5 n.19 (citing Tex. R. Civ. P. 22).

[23] *Latex Constr. Co.*, 2020 WL 3962247, at *5.   The Bakers claim that the "plain language of section 1441(b) requires at least one defendant to have been served before removal is appropriate." Motion to Remand, at 6 (citing *Breitwieser*, 2015 WL 6322625, at *5).   But what the Bakers fail to adequately address—in support of their argument that service or a state-court appearance is required to remove—is that Judge Boyle, the author of the *Breitwieser* opinion, later clarified that "this statement was dicta—in *Breitwieser*, the non-forum defendant had answered in state court and thus was considered served for purposes of the removal statute.   Thus, the Court never had the reason to discuss *Delgado* and related cases[.]"   *Perez v. ZTE (USA), Inc.*, 2019 WL 1429654, at *3 (N.D. Tex. Mar. 29, 2019) (Boyle, J.) (citations omitted).   Curiously, the Bakers do not attempt to reconcile their cited case law with *Delgado*.   Notably, they don't even reference *Delgado* in either their motion to remand or their reply in support of it.

[24] Yes, *Texas Brine* addressed a *non-forum* defendant's snap removal.   And yes, the *Texas Brine* opinion contains dicta such as, "[o]f some importance, the removing party is not a forum defendant. Diversity jurisdiction and removal exist to protect out-of-state defendants from in-state prejudices." *Texas Brine*, 955 F.3d at 487.   But this non-binding comment does not supplant the removal statute's plain text.   In fact, the "Fifth Circuit referenced with approval the Third Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case 'gives meaning to each word and abides by the plain language.'"   *Latex Constr. Co.*, 2020 WL 3962247, at *6 (citing *Texas Brine*, 955 F.3d at 486–87).

decision and this Court's decision in *Serafini* demonstrate it is possible and reasonable for this Court to conclude the same when there are multiple defendants and all of them are forum defendants. Even so, among other opinions predating *Texas Brine* and *Serafini*, the Bakers rely heavily on two of this Court's decisions: *Breitweiser v. Chesapeake Energy Corp.*[25] and *Perez v. ZTE (USA), Inc.*[26] Because the Bakers rely on the opinions' dicta, the Court finds these opinions informative but non-binding and inapposite on the issue before the Court today.

In *Breitweiser*, this Court denied remand and found a non-forum defendant's snap removal to be proper.[27] This Court held so even while acknowledging that district courts nationwide had "reached competing conclusions on the viability of snap removal" and that they had "received little guidance from appellate authorities" at the time.[28] This Court did discuss the alleged impropriety and absurdity of a forum defendant snap removing, but as those facts were not before the Court such commentary was necessarily dicta. And this Court had not yet received any direction from the Fifth Circuit, much less its groundbreaking guidance in *Texas Brine*.

In *Perez*, this Court denied remand and again found a non-forum defendant's snap removal to be proper.[29] The case focused less on whether it mattered that the

---

[25] 2015 WL 6322625 (N.D. Tex. Oct. 20, 2015) (Boyle, J.).

[26] 2019 WL 1429654 (N.D. Tex. Mar. 29, 2019) (Boyle, J).

[27] *See Breitweiser*, 2015 WL 6322625, at \*7 ("Plain language clearly dictates that the Court deny remand. Denying remand does not reach an absurd or unreasonable result. This conclusion turns on the fact that Chesapeake Defendants are nonforum defendants.").

[28] *Id.* at \*3.

[29] *See Perez*, 2019 WL 1429654, at \*4 ("Here, the state-court petition was filed on November 2, 2018, and non-forum defendant MetroPCS removed the case on November 5, 2018. Because the Court

snap removing defendant was a forum or non-forum defendant, and more on whether service on the removing defendant was a prerequisite for removal.[30]   In one paragraph, this Court, while commenting on a Northern District of Georgia case, noted that *Breitweiser* "similarly opined" on the apparent absurdity of allowing a forum defendant to snap remove.[31]   Similar to its conclusion regarding *Breitweiser*'s dicta, this Court finds that *Perez*'s dicta neither binds the Court nor guides it well after *Texas Brine* and *Serafini*.

The Bakers also argue that removal would violate the removal statute's congressional purpose and lead to an absurd result.   But allowing a forum defendant—including one of many defendants, all of whom are forum defendants—to remove a case before being served does not rise to the level of absurdity.   To constitute absurdity, a result must be not merely odd but preposterous—one that "no reasonable person could intend."[32]   As this Court shows in *Serafini*, the result here is none of those things.   And even if this Court were inclined to throw off the judicial mantle and take up the legislative one (and it is not so inclined), our parent appellate court prevents that quest.   As the *Latex Construction* court observed, in *Texas Brine* the Fifth Circuit held

> that applying § 1441(b)(2) to allow snap removal by a non-forum defendant was "at least rational" and was not an absurd result.   *Texas Brine*, 955 F.3d at 486.   Although the Fifth Circuit explained that

---

holds that service was not a prerequisite to removal, MetroPCS's removal of this case was procedurally proper.").

[30] *See id.*

[31] *Id.*

[32] SCALIA & GARNER, *supra*, 237.

diversity jurisdiction and removal "exist to protect out-of-state defendants from in-state prejudices" and it was "[o]f some importance that the removing party [was] not a forum defendant," the Fifth Circuit relied on cases allowing for snap removal by a forum defendant, including a case in which the removing party was the sole defendant. *Texas Brine*, 955 F.3d at 486 (citing *Encompass*, 902 F.3d at 153); *see also Gibbons*, 919 F.3d at 706.   The Fifth Circuit referenced with approval the Third Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case "gives meaning to each word and abides by the plain language." *Texas Brine*, 955 F.3d at 486–87 (citing *Encompass*, 902 F.3d at 153).[33]

Extending *Texas Brine*, *Latex Construction*, and *Serafini*'s reasoning, this Court holds that the plain language of § 1441(b)(2) allows snap removal by a forum defendant when it is one of many defendants and all of them are forum defendants. Therefore, Bell's removal was proper.  In the statute's words, the case was "otherwise removable," because this Court has original jurisdiction of a case originally filed in Texas state court in which the parties are diverse.[34]

Perhaps Congress did not intend for this result.  If Congress wanted to limit a forum defendant's ability to engage in snap removal when it is one of many defendants and all of them are forum defendants, it could have done so.  And it still can do so.  But this Court is not in the business of reading Congress's 535 minds, editing its legislation, or lobbying for preferred policy outcomes in contravention of

---

[33] *Latex Constr. Co.*, 2020 WL3962247, at *6.

[34] 28 U.S.C. §§ 1441(a)–(b).  *See, e.g., Texas Brine*, 955 F.3d at 486 ("When the [defendant] filed its notice of removal, the case was 'otherwise removable'—as required by Section 1441(b)—because the district court has original jurisdiction of a case initially filed in Louisiana state court in which the parties are diverse.").

what a duly enacted statute allows or requires.  This Court's sole duty is to read, interpret, and apply the words of the law.[35]  It has done so here.

III.

The Court concludes that Bell's removal was proper under the law.  And so it **DENIES** Baker's motion to remand.

**IT IS SO ORDERED** this 14th day of September 2020.

_(signature)_

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[35] *See Collins*, 938 F.3d at 569 ("The Supreme Court instructs that plain meaning comes first: 'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.' (quoting *Engine Mfrs. Ass'n*, 541 U.S. at 252)).