UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BAKER as executor and administrator of the estate of DAVID BAKER, DECEASED, and on behalf of wrongful death beneficiaries A.B. and H.B., MINORS, GEHANE RIBEYRE, as administratrix of the estate of BRANDON STAPPER, DECEASED, and HOPE FORTI, individually and as administratrix of the estate of KYLE JOHN FORTI, DECEASED and as next friend for M.A. F. and M.E. F., minors, <br><br> *Plaintiffs,* <br><br> v. <br><br> BELL TEXTRON, INC. f/k/a BELL HELICOPTER TEXTRON, INC., SAFRAN USA, INC., SAFRAN HELICOPTER ENGINES USA, INC., BELL HELICOPTER TEXTRON CANADA, LIMITED, and SAFRAN HELICOPTER ENGINES, SA, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:20-CV-292-X |

**MEMORANDUM OPINION AND ORDER**

This case arises from a March 2019 helicopter crash in Kenya involving a Bell 505X helicopter and its engine. Five people died. The plaintiffs, Baker, Ribeyre, and Forti, each filed separate lawsuits in state court. Before any of the defendants were served, Bell removed the cases to this Court—a litigation tactic commonly referred to as "snap removal"—based on this Court's subject-matter jurisdiction. This Court

1

consolidated the cases together under Civil Case Number 3:20-CV-292-X. Baker previously moved to remand, which this Court already denied. [Doc. No. 14]. Now, Ribeyre and Forti have both moved to remand, arguing that Bell's snap removal was improper. [Doc. Nos. 34, 36]. After careful consideration, and as explained below, the Court **DENIES** the plaintiffs' motions to remand.

## I. Background

Ribeyre and Forti filed cases in state court after Baker. Bell removed the Ribeyre case on January 13, 2021, and Ribeyre moved to remand on January 18, 2021. Bell removed the Forti case on January 13, 2021, and Forti moved to remand on February 18, 2021. This Court consolidated all three cases on February 4, 2021. Prior to consolidation, Baker also moved to remand. The Court denied that motion because it found that removal was proper under the plain language of the removal statute.

Here, like in the Baker motion, there is no question this Court has jurisdiction—the parties' citizenships are diverse, and the amount-in-controversy is greater than $75,000. Ribeyre is a citizen of California, Forti is a citizen of Colorado, and the defendants are citizens of Texas. The argument Ribeyre and Forti raise—that Bell's snap removal was improper under the forum-defendant rule—is therefore a procedural one.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial

2

decree."[1]  The relevant federal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2]  Because depriving a state court of an action properly before it raises significant federalism concerns, the removal statute should "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."[3]

In cases removed under diversity jurisdiction, there is an additional statutory limitation on removal—the forum-defendant rule.  The forum-defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4]

As is the case with most rules, the forum-defendant rule has an exception—snap removal.  Snap removal is a litigation tactic that owes its existence to automated docket-monitoring services (or, sometimes, litigants that serve press releases before process).  It allows a state-court defendant to circumvent the forum-defendant rule by removing a case to federal court on diversity grounds almost immediately after a plaintiff files in state court but before the plaintiff formally serves the defendant.  Because snap removal is relatively novel, it has received little treatment

---

[1] *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[2] 28 U.S.C. § 1441(a).

[3] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  *But see Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("It is true, as *Texas Brine* points out, that we strictly construe the removal statute and favor remand.  Here, though, we do not have any doubt about the propriety of removal because, as discussed, the text is unambiguous.  So the rule in *Gasch* does not apply." (citations and quotation marks omitted)).

[4] 28 U.S.C. § 1441(b)(2).

in this Court and no attention from the United States Court of Appeals for the Fifth Circuit until recently.[5]

The Fifth Circuit considered snap removal for the first time in *Texas Brine Company, LLC v. American Arbitration Association, Inc.*[6] In *Texas Brine*, the Fifth Circuit's analysis of the removal statute begins with the ordinary meaning of the statute's text, accounting for any absurdity in application.[7] First, the Fifth Circuit held that the statute's plain language unambiguously allows for snap removal.[8]

---

[5] *See, e.g.*, *Breitweiser v, Chesapeake Energy Corp.*, 2015 WL 6322625, at *2–3 (N.D. Tex. Oct. 20, 2015) (Boyle, J.) (finding a non-forum defendant's snap removal to be proper because "[i]n the absence of additional congressional guidance or an absurd result, courts must apply the statute's plain language"); *Carrs v. AVO Corp.*, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012) (Lindsay, J.) (finding a non-forum defendant's snap removal to be proper because the "court has no business substituting its judgment for that of Congress when the plain language of the statute compels only one conclusion, namely, that reached herein by the court"); *Mirman Grp., LLC v. Michaels Stores Procurement Co., Inc.*, 2020 WL 5645217, at *1 (N.D. Tex. Sept. 22, 2020) (Fitzwater, J.) (concluding that snap "removal is permitted when the removing defendant has not yet been served at the time of removal").

[6] 955 F.3d 482 (5th Cir. 2020). The *Texas Brine* court mentions that "we have not yet had opportunity to address the 'snap removal' issue[.]" *Id.* at 485.

In *Texas Brine*, the question before the Fifth Circuit was "whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state." *Id.* The Fifth Circuit held that it does not. *Id.* at 487 ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be properly joined and served is a citizen of the forum state." (quotation marks omitted)). Now, this is not the specific issue before the Court in this case. But the Fifth Circuit's fresh analysis of the removal statute and the practice of snap removal is instructive for this Court's determination that the forum-defendant rule does not preclude a forum defendant from snap removing when there are multiple defendants and they are all forum defendants. The Fifth Circuit's holding is important for this Court in this case because the Fifth Circuit notes its agreement with a comment from the United States Court of Appeals for the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.* at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)). "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law"—this is the precisely what this Court concludes here. *Id.*

[7] *See id.* at 486 ("[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language. We look for both plain meaning and absurdity." (quotation marks and citation omitted)).

[8] *See id.* at 487 ("Here, though, we do not have any doubt about the propriety of removal because, as discussed, the text is unambiguous." (quotation marks and citation omitted)).

Second, it held that the result of following the statute's plain language—allowing snap removal—is not absurd.[9]

### III. Analysis

#### A.   Forti's Motion to Remand

As a threshold matter, the Court holds that it must deny Forti's motion to remand because she filed it more than thirty days after removal. Because "the forum-defendant rule is a procedural rule and not a jurisdictional one,"[10] the removal statute required Forti to move to remand "within 30 days after the filing of the notice of removal . . . ."[11] But she waited thirty-six days. The Court therefore **DENIES** Forti's motion to remand. [Doc. No. 36].

#### B. Ribeyre's Motion to Remand

Ribeyre, on the other hand, moved to remand just five days after Bell removed the case. Ribeyre argues that allowing snap removal in this case produces an absurd result because it allows forum defendants to circumvent the forum-defendant rule by removing a case before being served. In support of this claim, Ribeyre asserts that "nothing about the recent Fifth Circuit opinion in [*Texas Brine*] changes the fatal procedural defect of Defendant Bell's Removal, and, in fact, only further supports the

---

[9] *Id.* at 486 ("In our view of reasonableness, snap removal is at least rational. Even if we believed that there was a 'drafter's failure to appreciate the effect of certain provisions,' such a flaw by itself does not constitute an absurdity." (citing ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 238 (2012)).

[10] *Texas Brine*, 955 F.3d at 485.

[11] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

due conclusion that this matter must be remanded [sic]."[12]  The Court disagrees.

As the Fifth Circuit did in *Texas Brine*, the Court begins with the ordinary meaning of the controlling statute's plain text.  If the text is unambiguous, the Court's inquiry ends.  If the text's meaning is ambiguous, the Court may consider the text's context.  And if the context provides no clarity, the Court may use appropriate canons of interpretation.[13]  The Court assumes that Congress accurately expressed its legislative purpose by the statutory language's ordinary meaning.[14]

The Court begins with the statute's text.  Title 28, Section 1441(b)(2) of the United States Code says that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[15]  This statutory language comprising the forum-defendant rule is unambiguous: "it plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been '*properly*

---

[12] Doc. No. 34 at 7.

[13] *See* Brett M. Kavanaugh, *Fixing Statutory Interpretation*, 129 HARV. L. REV. 2118, 2144 (2016) (suggesting that "statutory interpretation could proceed in a two-step process.  First, courts could determine the best reading of the text of the statute by interpreting the words of the statute, taking account of the context of the whole statute, and applying any other appropriate semantic canons of construction.  Second, once judges have arrived at the best reading of the text, they can apply—openly and honestly—any substantive canons (such as plain statement rules or the absurdity doctrine) that may justify departure from the text").

[14] *See Collins v. Mnuchin*, 938 F.3d 553, 569 (5th Cir. 2019) (en banc) ("The Supreme Court instructs that plain meaning comes first: 'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.'" (quoting *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004)).

[15] 28 U.S.C. § 1441(b)(2).

joined and *served.*'"[16]   Under the statute's plain language, neither Bell nor its co-defendants could have removed the case had any of them been properly joined and served at the time of removal.

But at the time of removal, none of the defendants had been served.  The question, then, is whether the Fifth Circuit's reasoning in *Texas Brine* applies to forum defendants who snap remove.  The Court holds that it does.

Ribeyre notes that *Texas Brine* involved a non-forum defendant engaged in snap removal while this case involves a forum defendant.  But that is a distinction without a difference.  Not long after the Fifth Circuit decided *Texas Brine*, a judge in the Southern District of Texas addressed whether the removal statute allows a forum defendant to snap remove.  In *Latex Construction Company v. Nexus Gas Transmission, L.L.C.*, our sister court to the south denied the motion to remand and held:

> The plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant be served before effecting removal of a case from state court.  Construing § 1141(b)(2) to permit a resident of the forum state to snap remove a case before that defendant has been served with process, where that defendant . . . is the only named defendant, is not an absurd result.[17]

Obviously, *Latex Construction*'s holding does not bind this Court.  But the Court finds the *Latex Construction*'s court's reasoning to be correct and persuasive.

---

[16] *Gibbons*, 919 F.3d at 705 (emphasis original) (quoting 28 U.S.C. § 1441(b)(2)).

[17] 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020).

Although *Texas Brine* didn't specifically consider this issue, it did speak approvingly of it and its logic reasonably extends to it.[18] And the Southern District of Texas's *Latex Construction* decision demonstrates it is possible and reasonable for this Court to conclude the same when there are multiple defendants and all of them are forum defendants.

This particular judge has twice adopted the reasoning of *Latex Construction* to hold a forum defendant's snap removal proper. In *Serafini v. Southwest Airlines Co.*, it explained that "a forum defendant may engage in snap removal . . . ."[19] And in this very case, the Court extended *Serafini*'s reasoning to apply to snap removal involving multiple forum defendants.[20]

As the Court explained in its order denying Baker's motion to remand [Doc. No. 14], by the plain language of the removal statute, snap removal by a forum-defendant does not produce an absurd result. Because the Baker motion to remand and the Ribeyre motion to remand assert an almost-identical argument, the Court extends its reasoning from the order denying the Baker motion to remand here.

---

[18] Yes, *Texas Brine* addressed a *non-forum* defendant's snap removal. And yes, the *Texas Brine* opinion contains dicta such as, "[o]f some importance, the removing party is not a forum defendant. Diversity jurisdiction and removal exist to protect out-of-state defendants from in-state prejudices." *Texas Brine*, 955 F.3d at 487. But this non-binding comment does not supplant the removal statute's plain text. In fact, the "Fifth Circuit referenced with approval the Third Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case 'gives meaning to each word and abides by the plain language.'" *Latex Constr. Co.*, 2020 WL 3962247, at *6 (citing *Texas Brine*, 955 F.3d at 486–87).

[19] 485 F. Supp. 3d 697, 703 (N.D. Tex. 2020).

[20] *See* Doc. No. 14 at 6 ([T]he Court concludes that for the purposes of snap removal the number of defendants is irrelevant. What does matter—and the key similarity between this case and those—is that all the defendants (whether one or several) are forum defendants, and that one removed before it was (or before the remaining defendants, if any, were) properly joined and served.").

8

Perhaps Congress did not intend this result. If Congress wanted to limit a forum defendant's ability to engage in snap removal when it is one of many defendants and all of them are forum defendants, it could have done so. And it still can do so. But this Court is not in the business of reading Congress's mind, editing its legislation, or lobbying for preferred policy outcomes in contravention of what a duly enacted statute allows or requires. This Court's sole duty is to read, interpret, and apply the words of the law.[21] It has done so here.

## IV. Conclusion

Because the Court concludes that Bell's removal was proper under the law, it **DENIES** Ribeyre's motion to remand. It also **DENIES** Forti's motion to remand as untimely.

**IT IS SO ORDERED** this 12th day of April 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] *See Collins*, 938 F.3d at 569 ("The Supreme Court instructs that plain meaning comes first: 'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.'" (quoting *Engine Mfrs. Ass'n*, 541 U.S. at 252)).